UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| INTERNATIONAL REFUGEE ASSISTANCE PROJECT, INC.<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES; and UNITED STATES DEPARTMENT OF STATE,<br><br>Defendants. | **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF FOR VIOLATION OF THE FREEDOM OF INFORMATION ACT, 5 U.S.C § 552** *et. seq.*<br><br>Civil Action No. 1:23-cv-1236 |

1. The U.S. Refugee Admissions Program ("USRAP") has long provided a pathway for refugees outside the United States to relocate to safety and security within its borders. Then, from 2017 through 2020, the Trump Administration dismantled the program: it capped refugee admissions ceilings at historic lows, suspended admissions, heightened security policies, and denied refugees admission at a high rate.

2. Within weeks of taking office, President Biden pledged to rebuild and expand USRAP and bring greater transparency and accountability to refugee processing. The Biden Administration raised refugee admissions ceilings and vowed to address backlogs and improve the efficiency and fairness of security screening. Nonetheless, as of January 31, 2023, the Biden administration has admitted nearly 13,000 fewer refugees than its predecessor had at this stage of the term.

3. The processing bottlenecks and obstacles that continue to plague refugee applicants, including Plaintiff International Refugee Assistance Project's ("IRAP") clients, remain

1

largely unknown to the public. This case seeks anonymized refugee case data and certain records for case management systems maintained and used by Defendants Department of State ("DOS") and U.S. Citizenship and Immigration Services ("USCIS") (collectively, "Defendants") when processing and adjudicating a refugee's application for admission to the United States. The requested data will illuminate the backlogs for refugee cases in USRAP and identify how programmatic changes over the past eight years have affected processing times and outcomes—particularly as to vulnerable and historically marginalized populations.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(a)(4)(B), and 28 U.S.C. § 1331.

5. Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1391(e) and 1402(a)(2) since Plaintiff IRAP's principal place of business is in the Southern District of New York.

## PARTIES

6. Plaintiff IRAP is a 501(c)(3) non-profit corporation incorporated under the laws of New York, and headquartered at One Battery Park Plaza, 33rd Floor in New York, NY.

7. Defendant USCIS is the agency within the U.S. Department of Homeland Security ("DHS") charged with making refugee admission decisions in USRAP.

8. Defendant USCIS uses software systems in its refugee application decision-making process, including RAD Global, Enterprise Collaboration Network ("ECN"), Refugee Case Manager ("RCM"), Case and Activity Management for International Operations ("CAMINO"), and R-TRACK.

9. Defendant DOS is a cabinet department of the United States federal government. DOS manages USRAP and operates the Refugee Processing Center, and overseas Resettlement Support Centers to facilitate the processing of refugees for admission to the United States.

10. Defendant DOS also administers refugee case management software systems, including START and RPC AWS. START tracks refugee cases at the individual and aggregate level, and RPC AWS facilitates statistical analysis and reporting.

## STATEMENT OF FACTS

Background on IRAP

11. IRAP is a global legal aid and advocacy organization with a mission to create a world where refugees and all people seeking safety are empowered to claim their right to freedom of movement and a path to lasting refuge.

12. IRAP provides direct legal assistance to refugees and others seeking security, and works with a global network of student advocates, pro bono partners, and supporters to deliver legal solutions for displaced people. Informed by its direct services work, IRAP also engages in media and policy advocacy, as well as impact litigation, to address systemic issues affecting refugees and others in need of a safe home. For many of IRAP's clients, USRAP is the only path to safety and security.

13. Disseminating information is an integral component of IRAP's mission. IRAP publishes policy reports on issues relevant to refugees. IRAP creates and maintains "Know Your Rights" legal summaries and other educational materials on its websites, including resources for legal practitioners—which have been accessed more than 7,000 times. And it organizes and

publishes documents obtained through FOIA on its website for use by advocates.[1] IRAP also routinely collects and distributes resources to its network of twenty-nine law school chapters and seventy-five law firm and corporate partners. IRAP regularly issues press releases and publishes a blog that covers topics relating to refugee policy. In addition, IRAP circulates a monthly newsletter to over 30,000 individuals and maintains a Facebook account with over 53,000 followers and a Twitter account with over 23,000 followers.

14. To engage in its mission-driven work, IRAP relies on FOIA requests, such as the requests underlying this lawsuit, to understand governmental policies affecting refugees and other displaced people on the move. IRAP intends to use the data and case management system records sought in the instant requests to educate the public about USRAP processing and to inform not only its advocacy but also the legal services that it provides to refugees.

Plaintiff's FOIA Request to USCIS

15. On November 17, 2022, IRAP submitted a FOIA request to USCIS ("USCIS Request") via certified mail. A copy of IRAP's USCIS Request is attached as **Exhibit A**.

16. The USCIS Request seeks disclosure of manuals, data dictionaries, database schema, standard operating procedures, and other records for RAD Global, ECN, RCM, CAMINO, R-TRACK and any other case management software system currently used or accessed by USCIS to process or consider a refugee for admission to the United States through USRAP.

17. On November 30, 2022, Defendant USCIS acknowledged via letter that it had received IRAP's FOIA request on November 21, 2022, and assigned it control number COW 2022006042. Pursuant to 5 U.S.C. § 552(a)(6)(B) and 6 C.F.R. § 5.5(a), Defendant USCIS also

---

[1] *See, e.g.*, *IRAP Obtains USCIS Guidance on Humanitarian Parole Applications Through FOIA Litigation*, Int'l Refugee Assistance Project, https://refugeerights.org/news-resources/irap-obtains-uscis-guidance-on-humanitarian-parole-applications-through-foia-litigation (last visited Feb. 3, 2023).

4

invoked a ten-business day extension to its twenty-business day determination deadline. A copy of USCIS's acknowledgment letter is attached as **Exhibit B**.

18. Defendant USCIS's extended deadline expired on January 5, 2023.

19. As of the filing date of this Complaint, Defendant USCIS has not made a determination about IRAP's FOIA Request.

20. IRAP has exhausted its administrative remedies with respect to the USCIS Request due to Defendant USCIS's failure to comply with FOIA's time limit provisions. *See* 5 U.S.C. § 552(a)(6)(C)(i).

Plaintiff's FOIA Request to DOS

21. On November 17, 2022, IRAP also submitted a request to Defendant DOS ("DOS Request") via fax and certified mail. A copy of IRAP's DOS Request is attached as **Exhibit C**.

22. Part 1 of the DOS Request seeks disclosure of manuals, data dictionaries, database schema, standard operating procedures, and other records for START, RPC AWS, and any other case management software system currently used or accessed by DOS, the Refugee Processing Center, and/or a Resettlement Support Center to process or consider a refugee for admission to the United States through USRAP.

23. Part 2 of the DOS Request seeks disclosure of certain anonymized demographic, processing, and adjudicative data for each open refugee case in USRAP and each case closed after September 30, 2014.

24. On November 23, 2022, Defendant DOS acknowledged via email that it had received the FOIA request on November 17, 2022, and assigned the request subject reference number F-2023-01914. A copy of DOS's acknowledgement email is attached as **Exhibit D**.

5

25. In the November 23 email, Defendant DOS also invoked an extension of the twenty-business day determination deadline for "unusual circumstances," "includ[ing] the need to search for and collect requested records from other Department offices or Foreign Service posts." *See* Ex. D (citing 5 U.S.C. § 552(a)(6)(B)(i)-(iii)).

26. In that email, Defendant DOS did not state "the date on which a determination is expected to be dispatched," as FOIA and its implementing regulations require. *See* 5 U.S.C. § 552(a)(6)(B)(i); 22 C.F.R. §171.11(g).

27. On November 28, 2022, IRAP requested by email that Defendant DOS advise as to the expected date of a determination for the DOS Request.

28. On December 1, 2022, Defendant DOS informed IRAP by email that the DOS Request has an estimated date of completion of May 30, 2025.

29. On December 22, 2022, IRAP appealed the May 30, 2025, estimated date of completion set by Defendant DOS.

30. On December 28, 2022, Defendant DOS responded. It advised that IRAP's "request is not subject to administrative appeal at this time, since no specific material has been denied in response to the request." It also explained that a requester is deemed to have exhausted administrative remedies under FOIA if the agency fails to respond within the time limit prescribed by statute.

31. As of the filing date of this Complaint, Defendant DOS has not made a determination about IRAP's DOS Request.

32. IRAP has exhausted its administrative remedies with respect to the DOS Request due to Defendant DOS's failure to comply with FOIA's time limit provisions. *See* 5 U.S.C. § 552(a)(6)(C)(i).

33. Separately, after receiving notice of the May 30, 2025, estimated date of completion, IRAP contacted Defendant DOS's FOIA Public Liaison to explore arranging an alternative time to process its request. IRAP has been waiting since January 5, 2023, for further communication from the Public Liaison.

## CLAIM FOR RELIEF

34. Plaintiff has a legal right under FOIA to obtain the specific records sought in the USCIS and DOS Requests, and Defendants' failure to promptly make the requested records available to Plaintiff has no legal basis.

35. Defendants' failure to make a determination with regard to each Request within thirty days (excepting Saturdays, Sundays, and legal public holidays) after receipt violates FOIA, 5 U.S.C. § 552(a)(6)(B)(i), and applicable regulations promulgated thereunder, 6 C.F.R. § 5.6(c); 22 C.F.R. § 171.11(g).

36. Defendants' failure to conduct a reasonable search for records responsive to the Requests and to promptly make them available violates FOIA, 5 U.S.C. § 552(a)(3), and applicable regulations promulgated thereunder, 6 C.F.R. §§ 5.5–5.6; 22 C.F.R. § 171.11.

37. On information and belief, Defendants currently have possession, custody, or control of the requested records.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1. Declare that Defendants violated FOIA by unlawfully withholding the requested records;

2. Order Defendants to conduct a reasonable search for the requested records and to disclose them to Plaintiff in their entireties and requested format as soon as practicable;

3. Review any and all of Defendants' decisions to redact or withhold information in the requested records as exempt from disclosure;

4. Award Plaintiff's costs and reasonable attorneys' fees in this action as provided by 5 U.S.C. § 552(a)(4)(E); and

5. Grant other such relief as the Court may deem just and proper.

Respectfully submitted,	Dated: February 14, 2023

/s/ Kathryn C. Meyer

Kathryn C. Meyer
Chris Opila*

International Refugee Assistance Project
One Battery Park Plaza
Thirty-Third Floor, IRAP
New York, NY, 10004
Tel: (516) 838-1975
kmeyer@refugeerights.org
copila@refugeerights.org

*pro hac vice application forthcoming