# Exhibit A



Date: November 17, 2022

U.S. Citizenship and Immigration Services
National Records Center, FOIA/PA Office
P.O. Box 648010
Lee's Summit, MO 64064-8010

*Sent via certified mail*

> RE: FOIA Request for Records Related to Refugee Resettlement Case Management Systems Materials.

Dear Freedom of Information Officer:

This letter constitutes a request pursuant to the Freedom of Information Act (FOIA) on behalf of the International Refugee Assistance Project (IRAP). IRAP seeks a fee waiver.

## BACKGROUND

The world is facing its largest refugee crisis since World War II: 21.3 million refugees have been forced to flee their homes and seek safety in another country.[1] There, many remain in physical danger, face threats of deportation, and/or have unmet medical and other special needs.

The United States has long played a leading role in resettling the most vulnerable of these refugees to safety and security inside its borders through the U.S. Refugee Admissions Program ("USRAP"). In this program, U.S. Citizenship and Immigration Services ("USCIS") determines an applicant's eligibility for admission to the United States as a refugee after reviewing the results of their security checks and interviewing them. *See* 8 C.F.R. § 207.2(a). Historically, the agency has used four case management systems in this process: the Enterprise Collaboration Network (ECN), the Refugee Case Manager (RCM), the Case and Activity Management for International Operations (CAMINO), and R-TRACK.[2] Starting in April 2020, USCIS began to replace these systems with RAD Global, a centralized case management system for processing refugee cases, routing and receiving the results of security checks, adjudicating refugee cases, and tracking USCIS officers' workload, decisions, and performance.[3]

---

[1] *See* United Nations Commissioner for Refugees, Figures at a Glance (June 16, 2022), https://www.unhcr.org/en-us/figures-at-a-glance.html.

[2] Dep't of Homeland Security, Privacy Impact Assessment for the Refugee Case Processing and Security Vetting, DHS/USCIS/PIA-068, 2 (July 21, 2017), https://www.dhs.gov/sites/default/files/publications/privacy-pia-uscis-refugee-july2017.pdf.

[3] Dep't of Homeland Security, Refugee Case Processing and Security Vetting, DHS/USCIS/PIA-068(a), 3-5 (April 24, 2020), https://www.dhs.gov/sites/default/files/publications/privacy-pia-uscis068a-refugeecaseprocessing-april2020.pdf.

## RECORDS REQUESTED

IRAP seeks disclosure of following records for RAD Global, ECN, RCM, CAMINO, R-TRACK and any other case management software system currently used or accessed by USCIS in the course of processing or considering a refugee for resettlement to the United States through USRAP (hereinafter "case management systems"):

1. All manuals, standard operating procedures, guidance documents, and other similar records, including, but not limited to, those addressing data entry, data maintenance, data reports, data retrieval, and data retention;
2. All data dictionaries and other similar records addressing status codes, data codes, abbreviations, acronyms, and events used in the case management systems;
3. All database schema;
4. All records sufficient to show a description of each type of report or query run by USCIS using data from a case management system and the criteria for each report or query.
5. All memoranda of understanding, interconnection security agreements, and other similar records for internal and external data sharing; and
6. All contracts, memorandums of understanding, and other similar agreements with third parties regarding the creation, administration, operation, and maintenance of these case management systems;

## REASONABLE SEARCH FOR RECORDS

USCIS must "ma[k]e a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." *See Montgomery v. Internal Revenue Serv.*, 40 F.4th 702, 714 (D.C. Cir. 2022). It "cannot limit its search to only one record system if there are others that are likely to turn up the information requested." *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990); *see also Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321, 327 (D.C. Cir. 1999) ("It is well-settled that if an agency has reason to know that certain places may contain responsive documents, it is obligated under FOIA to search barring an undue burden").

## THE REQUESTOR

IRAP is a 501(c)(3) nonprofit and nonpartisan global legal aid and advocacy organization working to create a world where refugees and all people seeking safety are empowered to claim their right to freedom of movement and a path to lasting refuge. It utilizes media and systemic policy advocacy, direct legal aid, and impact litigation to serve the world's most persecuted individuals and empower the next generation of human rights leaders.

IRAP publishes reports, know-your-rights documents, and other educational materials that are widely disseminated to the public, including through its website. These materials are made available to everyone—including tax-exempt organizations, non-profit groups, lawyers, law students, refugees, and other displaced people—free of charge. IRAP also maintains a blog; publishes an electronic newsletter distributed to subscribers via email; and releases information via social media platforms such as Twitter and Facebook. Material obtained through FOIA is integral to this work, and IRAP routinely publishes materials that it obtains through FOIA.

Accordingly, IRAP is a "representative of the news media" within the meaning of the FOIA. *See* 5 U.S.C. § 552(a)(4)(A)(iii) (defining a representative of the news media as an entity that "gathers information of potential interest to a segment of the public" and "uses its editorial skills to turn raw materials into a distinct work, and distributes that work to an audience"); *accord Nat'l Sec. Archive v. U.S. Dep't of Def.*, 880 F.2d 1381, 1397 (D.C. Cir. 1989). Other non-profits who similarly engage in media advocacy, in addition to other policy advocacy and legal work, have been found to be a "representative of a news media" within the meaning of the FOIA. *See, e.g.*, *Serv. Women's Action Network v. Dep't of Def.*, 888 F. Supp. 2d 282, 287-88 (D. Conn. 2012) (concluding that the ACLU is a news representative); *Elec. Privacy Info. Ctr. v. Dep't of Def.*, 241 F. Supp. 2d 5, 10-15 (D.D.C. 2003) (same for the EPIC); *Judicial Watch, Inc. v. U.S. Dep't of Justice*, 133 F. Supp. 2d 52, 53-54 (D.D.C. 2000) (same for Judicial Watch, a public interest law firm with a website and a radio show).

## FEE WAIVER

IRAP seeks a full fee waiver. A requesting party is entitled to the production of responsive records "without charge or at a reduced rate" where it demonstrates that "disclosure of the requested information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 8 U.S.C. § 552(a)(4)(iii); *see also Judicial Watch, Inc. v. Rossotti*, 326 F.3d 1309, 1312 (D.C. Cir. 2003) ("Congress amended FOIA to ensure that it be 'liberally construed in favor of waivers for noncommerical requesters.'" (quoting *McClellan Ecological Seepage Situation v. Carlucci*, 835 F.2d 1282, 1284 (9th Cir. 1987)).

Disclosing the requested case management system records will foster additional public understanding of the case management systems that USCIS uses to consider, process, and adjudicate refugee resettlement cases. IRAP will share information about these systems in reports about USRAP processing, in its electronic newsletter, and on its social media platforms. It will also update existing know-your-rights documents and educational materials to account for processing and adjudication information revealed by the requested records for case management systems. Finally, IRAP will add these documents to its online USRAP FOIA repository and use them to develop future FOIA requests for demographic, processing, and adjudication data from USCIS refugee resettlement case management systems.

IRAP has no commercial interest in the requested records. As a nonprofit, IRAP has no commercial interests by definition. *See Am. Ctr. for L. & Just. v. U.S. Dep't of Homeland Sec.*, 573 F. Supp. 3d 78, 83 (D.D.C. 2021). Instead, as mentioned earlier, its interests are utilizing media and systemic policy advocacy, direct legal aid, and impact litigation to serve the world's most persecuted individuals and empower the next generation of human rights leaders.

In any event, as discussed earlier, IRAP is a "representative of the news media" and does not seek the records requested for commercial use. Accordingly, should USCIS assess fees for the processing of this request, those fees should be "limited to reasonable standard charges for document duplication" alone. *See* 5 U.S.C. § 552(a)(4)(A)(ii)(II).

\* \* \*

Thank you for your consideration of this request. Please provide the requested records to:

Chris Opila
International Refugee Assistance Project
One Battery Park Plaza, 4th floor
New York, NY 10004
copila@refugeerights.org

Please notify us in advance if the cost of producing the documents requested exceeds $100.00. If you have any questions regarding this request, please contact Chris Opila at (646) 946-7381 or copila@refugeerights.org.

Sincerely,

Chris Opila
Justice Catalyst Litigation Fellow*
International Refugee Assistance Project
copila@refugeerights.org

Kate Meyer
Staff Attorney
International Refugee Assistance Project
kmeyer@refugeerights.org

Mariko Hirose
Litigation Director
International Refugee Assistance Project
mhirose@refugeerights.org

Lacy Broemel
Policy Analyst
International Refugee Assistance Project
lbroemel@refugeerights.org

Stephen Poellot
Legal Knowledge and Training Director
International Refugee Assistance Project
spoellot@refugeerights.org

*Member of the New Mexico Bar. New York Bar admission pending. Supervised by attorneys who are members of the New York Bar.