**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

September 8, 2023

**By ECF**
The Honorable Katharine H. Parker
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *International Refugee Assistance Project, Inc. v. United States Citizenship and Immigration Services, et al.*, No. 23 Civ. 1236 (KHP)

Dear Judge Parker:

This Office represents Defendants United States Citizenship and Immigration Services ("USCIS") and the Department of State ("State," and together with USCIS, the "Government") in the above-referenced Freedom of Information Act ("FOIA") action. We write jointly with Plaintiff International Refugee Assistance Project, Inc. ("IRAP") in response to the Court's order to file a joint status report on the eighth day of each month, or if that date is a weekend or public holiday, then on the following Monday.

This matter concerns FOIA requests IRAP submitted to State and USCIS. The USCIS request seeks records for case management software systems used or accessed by USCIS to process a refugee for resettlement to the United States through the U.S. Refugee Admissions Program. The State request seeks the same records with respect to State ("Part One" of the State request), as well as anonymized data from individual refugee cases ("Part Two" of the State request).

USCIS made its first and final release of identified responsive records on July 7, 2023. IRAP has finished its initial review of these records and expressed concerns to USCIS about possible deficiencies in the agency's search on August 4, 2023. USCIS provided responses to these concerns on September 8, 2023. IRAP has asked for some clarification on, and is still considering, USCIS's responses. It is also still assessing the appropriateness of USCIS's claimed withholdings.

With respect to Part One of the State request, State has identified approximately 3,145 pages of potentially responsive records for the case management systems—i.e., START and Refugee Processing Center Amazon Webservices ("RPC AWS")—that it uses or accesses to process refugees.[1] On June 30, 2023, State made its first production of records responsive to Part One of the State request, and State subsequently agreed to re-review the June 30 production in

[1] These records include information about follow-to-join refugees, but, as discussed below, State is still conducting searches regarding the location of any additional records should they exist.

response to concerns expressed by IRAP. State previously anticipated completing this re-review by the end of August but was delayed in doing so until September 8, 2023, by necessary consultations. State made its second production of records responsive to Part One of the State request on August 11, 2023. State anticipates making its third production of records responsive to Part One of the State request on September 22, 2023.[2]

In its initial search for records responsive to Part One of the State request, State did not search for responsive records for the case management systems that it accesses or uses to process follow-to-join refugees due to a misunderstanding about the scope of IRAP's request. State agreed to conduct a second search for these responsive records in the middle of July 2023. It identified the responsive case management systems to IRAP on September 7, 2023. IRAP has identified another system that it considers responsive and, on September 7, 2023, asked to consult on this second search due to concerns that State has not identified all responsive systems. State is considering IRAP's concerns and consultation request. State anticipates completing the search regarding the responsive case management systems it has already identified by October 6, 2023.

State has not yet queried its databases for records responsive to Part Two of the State request, nor has it made any official determination about production on this Part. State has expressed to IRAP its position that all of the data fields requested by IRAP may be exempt from disclosure under the FOIA because each field is a small piece of a larger puzzle that, when viewed as a whole, would be exempt from disclosure. The parties have discussed alternative proposals for information State might provide to resolve issues relating to Part Two of the State request consensually but have not reached a proposal that is agreeable to both parties. In April 2023, State agreed to provide an explanation of its position as to each specific data field in Part Two in exchange for IRAP providing an example of alternate acceptable data. In June 2023, State did so for some fields in Part Two subpart a. In August 2023, IRAP asked State to make a formal production determination for Part 2. State is working with subject-matter experts on a response to this inquiry and anticipates making its determination on Part 2 of the State request by October 31, 2023.[3] If the parties are unable to reach a resolution with respect to the processing of Part Two of the State request, they will promptly alert the Court. In the event it becomes necessary to resolve issues relating to Part Two of the State request via summary judgment motion practice, it is IRAP's preference that such issues be briefed as soon as they become ripe; it is the Government's preference, on the other hand, that summary judgment only be briefed once, after all issues with respect to all FOIA requests at issue in this litigation have been identified.

---

[2] State has proposed making a good faith effort to process an average of 450 pages per six weeks exclusive of external consultations with respect to Part One of the State request. State processed 397 pages in the June 30 production and 406 pages in the August 11 production. It anticipates that its average processing rate will be 450 pages per six weeks once all productions with respect to Part One of the State request have been made. The parties continue to discuss issues regarding processing rate and external consultations and will raise those issues with the Court in the future if and when the need arises.

[3] State reserves the right to make this determination at a later date with respect to follow-to-join refugee data.

The parties thank the Court for its consideration of this joint status report and will file their next report by October 10, 2023.

Respectfully,

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: *_/s/ Alyssa B. O'Gallagher_*
ALYSSA B. O'GALLAGHER
PETER ARONOFF
Assistant United States Attorneys
Tel.: (212) 637-2822/2697
Email: Alyssa.O'Gallagher@usdoj.gov
Peter.Aronoff@usdoj.gov