
 

April 8, 2024

**By ECF**
The Honorable Katharine H. Parker
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *International Refugee Assistance Project, Inc. v. United States Citizenship and Immigration Services, et al.*, No. 23 Civ. 1236 (KHP)

Dear Judge Parker:

      The American Immigration Council represents Plaintiff International Refugee Assistance Project in the above-referenced Freedom of Information Act ("FOIA") action. We write jointly with Defendants United States Citizenship and Immigration Services ("USCIS") and the Department of State ("State," and together with USCIS, the "Government") in response to the Court's order to file a joint status report on the eighth day of each month, or if that date is a weekend or public holiday, then on the following Monday.

      This matter concerns FOIA requests IRAP submitted to State and USCIS. The USCIS request seeks records for case management software systems used or accessed by USCIS to process a refugee for resettlement to the United States through the U.S. Refugee Admissions Program. The State request seeks the same records with respect to State ("Part One" of the State request), as well as anonymized data from individual refugee cases ("Part Two" of the State request).

      USCIS made its first and final release of identified responsive records on July 7, 2023. IRAP has finished its initial review of these records and is still assessing the appropriateness of USCIS's claimed withholdings, as well as the reasonableness of the agency's search. IRAP specifically inquired about withholdings made with respect to certain draft documents; USCIS reprocessed those documents and produced them to IRAP on March 15, 2024.

      With respect to Part One of the State request, State has identified from its first search approximately 2,863 pages of potentially responsive records for the case management systems—START and Refugee Processing Center Amazon Webservices ("RPC AWS")—that it uses or accesses to process refugees. State made its seventh production of records responsive to Part One of the State request on March 8, 2024, and anticipates making its eighth production of such records by April 19, 2024.[1]

---

[1] State has proposed making a good faith effort to process an average of 450 pages per six weeks exclusive of external consultations with respect to Part One of the State request. It previously

In its initial search for records responsive to Part One of the State request, State did not search for responsive records for the case management systems that it accesses or uses to process follow-to-join refugees due to a misunderstanding about the scope of IRAP's request, although the records identified in State's initial search did include information about follow-to-join refugees. At IRAP's request, State agreed to conduct a second search for responsive records for the case management systems that it accesses or uses to process follow-to-join refugees in the middle of July 2023. It identified Immigrant Visa Overseas ("IVO") and Immigrant Visa Information System ("IVIS") as the responsive case management systems to IRAP on September 7, 2023. State tasked three components to search for responsive records—the Bureau of Consular Affairs' Office of Information Management and Liaison within the Directorate of Visa Services ("CA/VO/I"), the Bureau's Consular Systems and Technology Division ("CA/CST"), and the National Visa Center ("NVC"). CA/VO/I returned ten records totaling approximately 1,229 pages; NVC returned nine records totaling approximately 141 pages; CA/CST returned eight records—two excel file records and six non-excel records, the latter of which total approximately 2,173 pages. All of these records have been added into the queue to be processed.

State has identified the data responsive to Part Two of the State request. The parties have discussed alternative proposals for information State might provide to resolve issues relating to Part Two of the State request consensually but have not yet reached a proposal that is agreeable to both parties. In August 2023, IRAP requested a formal determination regarding applicable FOIA exemptions for Part 2 and State stated that it anticipated providing one by October 31, 2023.[2] On November 17, 2023, State made another alternative proposal[3] and conveyed exemptions that it intends to claim with respect to the data responsive to Part Two of the State request, but did not make a formal determination. The parties discussed State's latest proposal and intended positions on November 28, 2023. State agreed to obtain USCIS's position on its equities and answer IRAP's questions on the proposal and positions so that IRAP could prepare a counterproposal. State sought USCIS's position on its equites in State's proposal on December 8, 2023, and has received a response that it is working to confirm with USCIS before sharing with IRAP the equities and

---

averaged approximately 405 pages per six weeks but continues to anticipate that its average processing rate will be 450 pages per six weeks once all productions with respect to Part One of the State request have been made. The parties continue to discuss issues regarding processing rate and external consultations and will raise those issues with the Court in the future if and when the need arises.

[2] State reserved the right to make its determination at a later date with respect to follow-to-join data.

[3] The proposal and intended exemptions were limited to non-follow-to-join refugee data. IRAP has requested that State make a formal production determination on this data since August 2023. Having not received an update on this determination, IRAP reiterated its request for this determination or an alternative proposal with respect to follow-to-join refugee data in January 2024 and again in April 2024 and asked State to provide an anticipated deadline for doing so. State intends to relay its concerns regarding production of this data to IRAP, but it is State's position that a formal production determination is premature at this time. State is working to formulate an anticipated deadline for relaying these concerns.

answers to IRAP's questions regarding USCIS.  State has provided answers to IRAP's questions on the proposal and positions that do not implicate USCIS.  On February 5, 2024, State invited IRAP to make a counterproposal to State's alternative proposal while State works to provide answers to outstanding questions.  IRAP conveyed its counterproposal to State on April 8, 2024.

The parties thank the Court for its consideration of this joint status report and will file their next report by May 8, 2024.  If any issue becomes ripe for summary judgment motion practice in the meantime, the party seeking to file the motion will file a letter motion seeking a pre-motion conference with the Court.

Respectfully,

/s/ Chris Opila

Christopher ("Chris") Opila
American Immigration Council
1331 G. St. NW, Suite 200
Washington, D.C. 20005
202-507-7699 | copila@immcouncil.org