USDC SDNY  
DOCUMENT  
ELECTRONICALLY FILED  
DOC #:_____  
DATE FILED: 7/9/2024

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

July 8, 2024

**By ECF**
The Honorable Katharine H. Parker
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

  Re: *International Refugee Assistance Project, Inc. v. United States Citizenship and Immigration Services, et al.*, No. 23 Civ. 1236 (KHP)

Dear Judge Parker:

  This Office represents Defendants United States Citizenship and Immigration Services ("USCIS") and the Department of State ("State," and together with USCIS, the "Government") in the above-referenced Freedom of Information Act ("FOIA") action. We write jointly with Plaintiff International Refugee Assistance Project, Inc. ("IRAP") in response to the Court's order to file a joint status report on the eighth day of each month, or if that date is a weekend or public holiday, then on the following Monday.

  This matter concerns FOIA requests IRAP submitted to State and USCIS. The USCIS request seeks records for case management software systems used or accessed by USCIS to process a refugee for resettlement to the United States through the U.S. Refugee Admissions Program. The State request seeks the same records with respect to State ("Part One" of the State request), as well as anonymized data from individual refugee cases ("Part Two" of the State request).

  USCIS made its first and final release of identified responsive records on July 7, 2023. IRAP has finished its initial review of these records and is still assessing the appropriateness of USCIS's claimed withholdings, as well as the reasonableness of the agency's search. IRAP specifically inquired about withholdings made with respect to certain draft documents; USCIS reprocessed those documents and produced them to IRAP on March 15, 2024. IRAP asked USCIS on June 6, 2024, to clarify why it did not identify Claims 3 as a case management system responsive to IRAP's request. USCIS is following up on IRAP's inquiry.

  With respect to Part One of the State request, State has identified from its first search approximately 2,863 pages of potentially responsive records for the case management systems—START and Refugee Processing Center Amazon Webservices ("RPC AWS")—that it uses or accesses to process refugees. State made its ninth production of records responsive to Part One of

the State request on May 31, 2024, and anticipates making its tenth production of such records by July 12, 2024.[1]

In its initial search for records responsive to Part One of the State request, State did not search for responsive records for the case management systems that it accesses or uses to process follow-to-join refugees due to a misunderstanding about the scope of IRAP's request, although the records identified in State's initial search did include information about follow-to-join refugees. At IRAP's request, State agreed to conduct a second search for responsive records for the case management systems that it accesses or uses to process follow-to-join refugees in the middle of July 2023. It identified Immigrant Visa Overseas ("IVO") and Immigrant Visa Information System ("IVIS") as the responsive case management systems to IRAP on September 7, 2023. State tasked three components to search for responsive records—the Bureau of Consular Affairs' Office of Information Management and Liaison within the Directorate of Visa Services ("CA/VO/I"), the Bureau's Consular Systems and Technology Division ("CA/CST"), and the National Visa Center ("NVC"). CA/VO/I returned ten records totaling approximately 1,229 pages; NVC returned nine records totaling approximately 141 pages; CA/CST returned eight records—two excel file records and six non-excel records, the latter of which total approximately 2,173 pages. All of these records have been added into the queue to be processed.

State has identified the data responsive to Part Two of the State request. The parties have discussed alternative proposals for information State might provide to resolve issues relating to Part Two of the State request consensually but have not yet reached a proposal that is agreeable to both parties. In August 2023, IRAP requested a formal determination regarding applicable FOIA exemptions for Part 2, and State stated that it anticipated providing one by October 31, 2023.[2] On November 17, 2023, State made another alternative proposal[3] and conveyed exemptions that it intends to claim with respect to the data responsive to Part Two of the State request, but did not make a formal determination. The parties discussed State's latest proposal and intended positions on November 28, 2023. State agreed to obtain USCIS's position on its equities and answer IRAP's questions on the proposal and positions so that IRAP could prepare a counterproposal. State

---

[1] State has proposed making a good faith effort to process an average of 450 pages per six weeks exclusive of external consultations with respect to Part One of the State request. The parties continue to discuss issues regarding processing rate and external consultations and will raise those issues with the Court in the future if and when the need arises.

[2] State reserved the right to make its determination at a later date with respect to follow-to-join data.

[3] The proposal and intended exemptions were limited to non-follow-to-join refugee data. IRAP has requested that State make a formal production determination on this data since August 2023. Having not received an update on this determination, IRAP reiterated its request for this determination or an alternative proposal with respect to follow-to-join refugee data in January 2024, again in April 2024, and again in June 2024 and asked State to provide an anticipated deadline for doing so. State intends to relay its concerns regarding production of this data to IRAP, but it is State's position that a formal production determination is premature at this time. State is working to formulate an anticipated deadline for relaying its more specific concerns.

sought USCIS's position on its equites in State's proposal on December 8, 2023, and has received a response that it is working to confirm with USCIS before sharing with IRAP. State has provided answers to IRAP's questions on the proposal and positions that do not implicate USCIS. On February 5, 2024, State invited IRAP to make a counterproposal to State's alternative proposal while State works to provide answers to outstanding questions. IRAP conveyed its counterproposal to State on April 8, 2024. On June 23, 2024, State conveyed a response to IRAP's April 8 counterproposal. The parties plan on discussing State's response with the parties' respective subject matter experts shortly.

       The parties thank the Court for its consideration of this joint status report and respectfully request that they be permitted to file their next joint status report by August 15, 2024, as the undersigned is on leave on August 8, 2024. If any issue becomes ripe for summary judgment motion practice in the meantime, the party seeking to file the motion will request a pre-motion conference with the Court.

       Respectfully,

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By:    /s/ Alyssa B. O'Gallagher
       ALYSSA B. O'GALLAGHER
       PETER ARONOFF
       Assistant United States Attorneys
       Tel.: (212) 637-2822/2697
       Email: Alyssa.O'Gallagher@usdoj.gov
              Peter.Aronoff@usdoj.gov

> The Court thanks the parties for this status update. The parties shall file another status letter by **August 15, 2024**.

SO ORDERED:

*Katharine H. Parker*    7/9/2024
HON. KATHARINE H. PARKER
UNITED STATES MAGISTRATE JUDGE