**USDC SDNY**
**DOCUMENT**
**ELECTRONICALLY FILED**
**DOC #:** _____
**DATE FILED:** 1/13/2025

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

January 8, 2025

> The Court thanks the parties for this update. The parties shall file another status letter on **February 10, 2025**.
>
> SO ORDERED:
>
> *Katharine H. Parker*  1/13/2025
> HON. KATHARINE H. PARKER
> UNITED STATES MAGISTRATE JUDGE

**By ECF**
The Honorable Katharine H. Parker
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *International Refugee Assistance Project, Inc. v. United States Citizenship and Immigration Services, et al.*, No. 23 Civ. 1236 (KHP)

Dear Judge Parker:

This Office represents Defendants United States Citizenship and Immigration Services ("USCIS") and the Department of State ("State," and together with USCIS, the "Government") in the above-referenced Freedom of Information Act ("FOIA") action. We write jointly with Plaintiff International Refugee Assistance Project, Inc. ("IRAP") in response to the Court's order to file a joint status report on the eighth day of each month, or if that date is a weekend or public holiday, then on the following Monday.

This matter concerns FOIA requests IRAP submitted to State and USCIS. The USCIS request seeks records for case management software systems used or accessed by USCIS to process a refugee for resettlement to the United States through the U.S. Refugee Admissions Program. The State request seeks the same records with respect to State ("Part One" of the State request), as well as anonymized data from individual refugee cases ("Part Two" of the State request).

USCIS made its first and final release of identified responsive records on July 7, 2023. IRAP has finished its initial review of these records and is still assessing the appropriateness of USCIS's claimed withholdings, as well as the reasonableness of the agency's search. IRAP asked USCIS on June 6, 2024, to clarify why it did not identify CLAIMS 3 as a case management system responsive to IRAP's request. While USCIS did not originally identify CLAIMS 3 as a responsive case management system, after discussions with IRAP, USCIS agreed to conduct a supplemental search for responsive records regarding CLAIMS 3, which it has now completed. This supplemental search did not return any additional records. On October 29, 2024, IRAP inquired about the scope of the searches USCIS conducted and USCIS's interpretation of the scope of its request. USCIS responded to this inquiry on January 8, 2025.

With respect to Part One of the State request, State has identified from its first search approximately 2,863 pages of potentially responsive records for the case management systems—START and Refugee Processing Center Amazon Webservices ("RPC AWS")—that it uses or accesses to process refugees. State made its fourteenth production of records responsive to Part

One of the State request on December 27, 2024, and it anticipates making its fifteenth production of such records by February 7, 2025.[1]

In its initial search for records responsive to Part One of the State request, State did not search for responsive records for the case management systems that it accesses or uses to process follow-to-join refugees due to a misunderstanding about the scope of IRAP's request, although the records identified in State's initial search did include information about follow-to-join refugees. At IRAP's request, State agreed to conduct a second search for responsive records for the case management systems that it accesses or uses to process follow-to-join refugees in the middle of July 2023. It identified Immigrant Visa Overseas ("IVO") and Immigrant Visa Information System ("IVIS") as the responsive case management systems to IRAP on September 7, 2023. State tasked three components to search for responsive records—the Bureau of Consular Affairs' Office of Information Management and Liaison within the Directorate of Visa Services ("CA/VO/I"), the Bureau's Consular Systems and Technology Division ("CA/CST"), and the National Visa Center ("NVC"). CA/VO/I returned ten records totaling approximately 1,229 pages; NVC returned nine records totaling approximately 141 pages; CA/CST returned eight records—two excel file records and six non-excel records, the latter of which total approximately 2,173 pages. All of these records have been added into the queue to be processed.

The parties continue to discuss the possibility of resolving issues relating to Part Two of the State request consensually. On November 19, 2024, IRAP relayed to State a proposal to resolve all outstanding issues related to Part Two, and State anticipates responding to this proposal by January 10, 2025.

The parties thank the Court for its consideration of this joint status report and will file their next joint status report by February 10, 2025. If any issue becomes ripe for summary judgment motion practice in the meantime, the party seeking to file the motion will request a pre-motion conference with the Court.

                                                Respectfully,

                                                EDWARD Y. KIM
                                                Acting United States Attorney for the
                                                Southern District of New York

                     By:     */s/ Alyssa B. O'Gallagher*
                               ALYSSA B. O'GALLAGHER
                               PETER ARONOFF
                               Assistant United States Attorneys
                               Tel.:    (212) 637-2822/2697
                               Email: Alyssa.O'Gallagher@usdoj.gov
                                           Peter.Aronoff@usdoj.gov

---

[1] State has proposed making a good faith effort to process an average of 450 pages per six weeks exclusive of external consultations with respect to Part One of the State request. The parties continue to discuss issues regarding processing rate and external consultations and will raise those issues with the Court in the future if and when the need arises.