U.S. Department of Justice

United States Attorney

> Application GRANTED insofar as the parties request that the deadline be reset to the 8th of each month, or if the 8th falls on a weekend or public holiday, on the next business day. The December 23, 2025 deadline to file a status report is vacated. The Court thanks the parties for their update, and the next shall be due on December 8, 2025.
>
> SO ORDERED:
>
> *Katharine H. Parker*
> HON. KATHARINE H. PARKER
> UNITED STATES MAGISTRATE JUDGE

11/21/2025

The Honorable Katharine H. Parker
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *International Refugee Assistance Project, Inc. v. United States Citizenship and Immigration Services, et al.*, No. 23 Civ. 1236 (KHP)

Dear Judge Parker:

This Office represents Defendants United States Citizenship and Immigration Services ("USCIS") and the Department of State ("State," and together with USCIS, the "Government") in the above-referenced Freedom of Information Act ("FOIA") action. We write jointly with Plaintiff International Refugee Assistance Project, Inc. ("IRAP") in response to the Court's order to file a joint status report on the eighth day of each month, or if that date is a weekend or public holiday, then on the following Monday.[1]

This matter concerns FOIA requests IRAP submitted to State and USCIS. The USCIS request seeks records for case management software systems used or accessed by USCIS to process a refugee for resettlement to the United States through the U.S. Refugee Admissions Program. The State request seeks the same records with respect to State ("Part One" of the State request), as well as anonymized data from individual refugee cases ("Part Two" of the State request).

With respect to USCIS, as we have noted in previous status reports, USCIS released responsive records in June 2023, March 2024, August 2025, and September 2025. In the past several months, USCIS has been processing one additional set of records, and plans to make another production within 30 days.[2]

With respect to Part One of the State request, State made its nineteenth and final production of records responsive to Part One of the State request on July 25, 2025. IRAP asked State two questions about the agency's asserted exemptions. State has now responded to both questions. The

---

[1] This obligation was stayed until today under the district court's general stay order during the recent lapse in Congressional appropriations.

[2] USCIS previously reported that it had "completed production of records responsive to IRAP's request." ECF No. 86 at 1; *see also* ECF No. 81 at 1 (USCIS made "a production of [] records earlier this week [in August 2025], which it expects will complete its response to plaintiff's request."). That report was erroneous due to a miscommunication.

parties plan to discuss such issues between themselves to determine if they can be resolved without litigation.

With respect to Part Two of the State request, as we have noted previously, State produced data via CD mailed to IRAP on May 6, 2025. IRAP is continuing to review this production.

The parties thank the Court for its consideration of this joint status report and will file their next joint status report by December 8, 2025.[3] If any issue becomes ripe for summary judgment motion practice in the meantime, the party seeking to file the motion will request a pre-motion conference with the Court.

          Respectfully,

          JAY CLAYTON
          United States Attorney for the
          Southern District of New York

By:   */s/ Peter Aronoff*
       PETER ARONOFF
       ALYSSA B. O'GALLAGHER
       Assistant United States Attorneys
       Tel.:  (212) 637-2697/2822
       Email: Peter.Aronoff@usdoj.gov
              Alyssa.O'Gallagher@usdoj.gov

---

[3] To the extent that Amended Standing Order M10-468 In re: Stay of Certain Civil Cases Pending the Restoration of Department of Justice Funding tolled and extended future joint status report deadlines set by the Court's May 8, 2023, order to file a joint status report "on the eighth day of each month, or if that date is a weekend or public holiday, then on the following Monday," ECF No. 28, the parties request the Court to reset these joint status report deadlines to the eighth day of each month, or if that date is a weekend or public holiday, then the following business day. In that vein, the parties ask the court to vacate the joint status report deadline set originally for November 10, 2025, and extended by the Amended Standing Order to December 23, 2025.